# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HEIGHTS HOSPITALITY INVESTMENT, LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. _____ |
| CITI BANK and JOHN DOE, | § § § | |
| *Defendants.* | § | |

---

CAUSE NO. 2025-56288

| | | |
|---|---|---|
| HEIGHTS HOSPITALITY INVESTMENT, LLC | § § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| CITI BANK AND JOHN DOE, | § § | |
| *Defendants.* | § § | 133RD JUDICIAL DISTRICT |

---

**<u>STATE COURT INDEX</u>**

| No. | Date | Description |
|---|---|---|
| 1 | | Docket Sheet |
| 2 | 08/07/2025 | Original Petition |
| 3 | 08/08/2025 | Proposed Temporary Restraining Order |
| 4 | 08/08/2025 | Signed Temporary Restraing Order |
| 5 | 08/13/2025 | Stipulation of Service |

# EXHIBIT A-1

**Harris County Docket Sheet**

# 2025-56288

**COURT:**    133rd

**FILED DATE:**    8/7/2025

**CASE TYPE:**    OTHER CIVIL



**HEIGHTS HOSPITALITY INVESTMENT LLC**

Attorney: MANJI, ABEL K.

**vs.**

**CITIBANK TEXAS N A**

| Docket Sheet Entries | |
|---|---|
| Date | Comment |
| 8/8/2025 | TRORX - ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER |
| 8/8/2025 | STBNX - ORDER SETTING BOND SIGNED |
| 8/8/2025 | CASO - ORDER SIGNED SETTING HEARING |

Unofficial Copy Office of Marilyn Burgess District Clerk

# EXHIBIT A-2

8/7/2025 4:00 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 104112093
By: Adiliani Solis
Filed: 8/7/2025 4:00 PM

2025-56288 / Court: 133

| | | |
|---|---|---|
| HEIGHTS HOSPITALITY INVESTMENT | § | IN THE DISTRICT COURT |
| LLC, | § | |
| *Plaintiff* | § | |
| Vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CITI BANK and JOHN DOE | § | |
| *Defendants* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL VERIFIED PETITION & APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, & PERMANENT INJUNCTION

COMES NOW, Plaintiff HEIGHTS HOSPITALITY INVESTMENT LLC ("HHI") or "Plaintiff') files its verified Original Petition and Application ("Application") for Temporary Restraining Order ("TRO"), Temporary Injunction ("TI"), and Permanent Injunction against Defendants Citibank Texas N.A. ("Citibank") and unknown John Doe ("Fraudster") as follows:

#### A. Discovery-Control Plan

1.       Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $1,000,000.00).

#### B. Claim for Relief

2.       Plaintiff seeks equitable monetary relief in excess of $1,000,000.00 and non-monetary relief.

#### C. Parties

3.       Plaintiff is a corporation doing business in Harris County, Texas.

4.       Defendant Citibank Texas N.A. doing business as "Citibank" is a national banking association doing business in Harris County, Texas, which may be served by serving any serving any president, vice-president, officer or branch manager, of Citibank, or by serving its registered agent: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

1

5.    Defendant John Doe is an individual and may be served with process once he is identified by the parties or by law enforcement, at which time Plaintiff will file an amended pleading setting forth his or her identity.

**D.  Jurisdiction**

6.    The Court has jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

**E. Venue**

7.    Venue is proper in Fort Bend County, Texas, under Texas Civil Practice & Remedies Code section 15.002  because Plaintiff and Defendant conduct business in Fort Bend County, Texas,  and a substantial part of the acts and omissions complained about occurred in Fort Bend County.

**F.  EXHIBITS**

EXHIBIT A          Affidavit of HHI Managing Member

EXHIBIT B          Legitimate Wiring Instructions

EXHIBIT C          Fraudulent Wiring Instructions to Citibank account

EXHIBIT D          Transmission of funds to Citibank account

EXHIBIT E          Emails from Wilson Cribbs & Goren & related

8.    HHI provides the Court with the Affidavit of Amir Zindani, Managing Member of HHI, with office located at 9301 Southwest Freeway, Suite 425, Houston, Texas 77074 and supporting exhibits, in support of its claims and of the Application.  *See* Exhs. "A" through "E" attached hereto.

**G. FACTS**

9.    HHI was in the process of completing purchase of a real estate tract. Emails containing wiring instructions from HHI legal counsel for purchase funds were intercepted by Fraudster and false Title Company bank information was provided. As a result of the email

2

interception, Fraudster provided fake wiring instructions to HHI.

10.    HHI's  instructed its bank Amegy Bank to wire purchase amount to Fraudster's bank account located at Citibank. Due to the fraud, Title Company's designated bank for receipt of funds, Plains State Bank, failed to receive the funds to complete the purchase. HHI's funds were diverted and stolen by Fraudster's illegal acts in the sum of $7,174,501.37.

11.    HHI was engaged in completing purchase of real estate located at 5240 Nolda Street, Houston, Texas 77007 and was represented by the law firm of Wilson, Cribbs & Goren. The title company handling the execution of documents, title coverage etc. to complete the sale and purchase is Frontier Title. Seller's designated bank for receipt of funds is Plains State Bank. HHI's bank which disbursed funds for purchase of the Property was Amegy Bank. The closing on the Property was to be completed on July 30, 2025. The bank receiving the stolen funds is Citibank.

12.    As a part of the closing on the transaction HHI wired funds (the "Wire Transfer") to the fake bank account at Citibank, the false wiring instructions provided by Fraudster hacking the email instructions purporting to come from HHI counsel's law firm. (Exh. "C").

13.    The legitimate Wiring Instructions for the Wire Transfer were contained in a document provided by counsel for HHI  titled "Wiring Instructions" generated by Frontier Title (Exhibit "B") and instructed the transfer of the Funds to bank account bank account at Plains State Bank to an account ending in 0821 (Exh. "B").

14.    At some point prior to the Wire Transfer taking place, HHI received purported updated wiring instructions (fraudulent) for transmittal of the funds (the "False Statement") via a "spoofed" email where the attachment containing wiring instructions had been revised to show the recipient bank for Frontier Title having an account number at Citibank ending in 9153 (Exh. "C"). The document was identical in appearance to legitimate wiring Instruction document previously received. (Exh. "B").

3

15    The False Statement changed the Wiring Instructions such that the Funds were to now be directed to an account ending in XXXXXX9153 accompanied by an email from counsel for HHI stating the account information had been verified. (Exh. B).

16.    The instructions contained in the fake Wiring Instructions mirrored the prior legitimate Wiring Instructions with the same account beneficiary name, Frontier Title Company, but with bank details reflecting the Fraudulent Account at Citibank. Frontier Title has since denied having an escrow account at Citibank.

17.    By late evening on date of transfer of funds, July 30, 2025, HHI received notification Funds had not been received by Frontier Title and took steps to raise the alarm with Amegy Bank and Frontier Title. (Exh. "A").

18.    When informed the funds were electronically transferred on July 30, 2025, and should have been received by Frontier Title the same day, the alarm as to potential error was raised and the Fraudulent Account substitution was discovered (Exh. A, attached).

19.    The Wire Transfer took place on July 30, 2025, when HHI transferred Funds to the Fraudulent Account in accordance with the instructions contained in the fake wiring instructions (Exh. "C"). The fraudulent diversion of the Funds was discovered by HHI, on the same day and all parties, the FBI and Homeland Security were alerted. An investigation is ongoing. Upon information and belief, a portion of funds remain at Citibank.

20.    The Wire Transfer to the fraudulent Citibank account were not authorized by HHI, and were false instructions intended to divert and steal Funds to an account that is controlled by Fraudster. . The owner of the Fraudulent Account has been designated and sued in this lawsuit as Defendant John Doe.

21.    Upon investigation HHI discovered a potential fraudulent transfer of Funds to the Fraudulent Account. HHI immediately contacted all parties, including Frontier Title, Amegy Bank, HHI counsel and the authorities.

4

22.     Despite notification of Citibank of the fraudulent nature of the wire transfer, Citibank has failed and refuses to acknowledge it has placed a hold onto the funds pending investigation. This failure of Citibank to notify HHI of a hold on the transfer the funds from the Fraudster's Citibank bank account may result in further loss of HHI funds.

23.     Neither Citibank  nor Fraudster is the owner, legal possessor, or entity entitled to immediate possession of the Funds or an intended or known recipient of the Funds. They also never had a legitimate, recognizable, or legal right to the Funds they now hold and refuse to acknowledge or tender back to HHI.

24.     HHI has been diligent in attempting to recover the funds from the Fraudster and Citibank , including by contacting local and federal law enforcement. However, without a court order either preventing Citibank from transferring the Funds to the Fraudulent Account, and / or freezing all funds in the Fraudster's account at Citibank, HHI  will lose the ability to recover the Funds being held at Citibank from Fraudster.

**25.**     As a result of Fraudster's illegal acts and Citibank's failure to respond with information related to the Fraudster's bank account at Citibank and whether it has placed a hold on funds and commenced an investigation, HHI has been damaged and may suffer irreparable loss, necessitating immediate Court action. **Causes of Action**

## COUNT 1 - MONEY HAD & RECEIVED (AGAINST CITIBANK )

26.     HHI incorporates each and every one of the facts set forth in the preceding and subsequent paragraphs.

27.     Citibank  is now holding money (i.e., the Funds) that, in equity and good conscience, belongs to Plaintiff, in particular because the only reason Citibank  now

possesses the Funds is due to the fraud and wrongful actions of Fraudster. Defendants have been unjustly enriched by their receipt of these funds. Consequently, Plaintiff seeks to recover that money in an amount in excess of the minimum jurisdictional limits of this Court.

## COUNT 2 - FRAUD (AGAINST JOHN DOE)

28.    HHI incorporates each and every one of the facts set forth in the preceding and subsequent paragraphs. Defendant .Doe, the Fraudster, is liable to HHI for common-law fraud.

29.    The representations in the False wiring instructions (Exh. C) concern material facts without which HHI would not have acted and which Fraudster knew were false and made intentionally in order that HHI rely on these false facts.

30.    The statements and actions were made or taken with the intention that they should be acted upon by HHI, who, in turn, acted in reliance upon the statements, thereby causing HHI to suffer injury and constituting common-law fraud.

31.    HHI seeks unliquidated damages against Fraudster within the jurisdictional limits of this Court.

32.    **Exemplary damages.** HHI's injury resulted actual fraud, malice, and gross negligence, which entitles HHI to exemplary damages under Texas Civil Practice & Remedies Code§ 41.003(a).

## COUNT 3 - STATUTORY FRAUD (AGAINST JOHN DOE)

33.    HHI incorporates each and every one of the facts set forth in the preceding and subsequent paragraphs.

34.    Fraudster is liable to HHI for fraud under Texas Business and Commerce Code because the transaction at issue involves real estate.

35.     HHI seeks unliquidated damages against Fraudster within the jurisdictional limits of this Court.

36.     **Exemplary damages.** HHI's injury resulted actual fraud, malice, and gross negligence, which entitles HHI to exemplary damages under Texas Civil Practice & Remedies Code§ 41.003(a).

### H.  **Jury Demand**

37. HHI hereby demands a jury trial and tenders the appropriate fee with this Petition.

### I. **Conditions Precedent**

38.     All conditions precedent to HHI's claims for relief have been performed or have occurred.

### J. **Application for Temporary Restraining Order**

39.     HHI incorporates each and every one of the facts set forth in the preceding and subsequent paragraphs.

a.  HHI's application for a temporary restraining order is authorized by Tex. Civ. Prac. & Rem. Code Ann. § 65.011(1) because it is end to the relief demanded and all or part of the relief requires the restraint of some act prejudicial to HHI, and § 65.011(2) because Defendants are performing or are about to perform acts relating to the subject of pending litigation, in violation of the rights of HHI, which tend to render the judgment in that litigation ineffectual (i.e., making it possible for Fraudster to transfer Funds to a location or institution from which they are unrecoverable).

b.     HHI asks the Court to immediately restrain Citibank, the Fraudster, and any person with any interest in the Fraudulent Account, and anybody acting in active concert or participation with these persons or entities, from transferring any money or assets to or from the Fraudulent Account.  HHI further asks the Court to

order a freeze on the Funds, and on any money or assets that are currently in the Fraudulent Account. HHI would show that Fraudster's actions in causing a criminal and fraudulent wire of money to the Citibank account evidences clear intent to immediately transfer money from the fraudulent account in order to prevent HHI from recovering the Funds nor suffer criminal prosecution for these actions.

40.    If HHI's application is not granted, HHI will suffer imminent and irreparable harm because Fraudster, and whomever is acting in concert with Fraudster, will be able to transfer money criminally and fraudulently from the fraudulent Citibank account in such a manner as to be unrecoverable by HHI (i.e., cash, overseas account, etc.). For these same reasons, HHI has no adequate remedy at law unless Defendants, and anybody acting in active concert or participation with these persons or entities, are restrained.

41.    It is probable that HHI will recover from Defendants after a trial on the merits due to the factual statements and allegations set forth herein.

42.    HHI is willing to post bond. HHI proposes a bond of $100, given the fraudulent nature of Fraudster's actions and lack of interest Citibank has in the Funds.

43.    HHI is requesting the Court to grant this TRO without notice to Citibank or Fraudster. The Court should grant this TRO without notice because Citibank refuses to voluntarily honor HHI's request to return or hold Funds, despite having evidence Funds were sent based on John Doe's fraud, and giving notice would provide Fraudster, and anybody acting in active concert or participation with Fraudster, time to dispose of the Funds in such a manner so as to permanently prevent HHI from ever recovering them. *E.g., In re York,* No. 14- FD-0478, 2014 Tex.

County. LEXIS 4076, at **5-6 (Co. Ct. at Law No. 3, Galveston County, Tex. Mar. 7, 2014); *Cape Software v. Janowski*, No. 10-11 12293-CV, 2010 Tex. Dist. LEXIS 1376, at **1-2 (9th Dist. Ct., Montgomery County, Tex. Nov. 9, 2010). HHI's request for information from Citibank have been unsuccessful.

### K. Application for Temporary Injunction

44.    HHI incorporates each and every one of the facts set forth in the preceding and subsequent paragraphs.

45.    HHI asks the Court to set its application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against Defendants and anybody acting in active concert or participation with these persons or entities.

46.    HHI has joined or will join all indispensable parties under Texas Rule of Civil Procedure 39.

### L. Application for Permanent Injunction

47.    HHI incorporates each and every one of the facts set forth in the preceding and subsequent paragraphs.

48.    HHI asks the Court to set its application for permanent injunction for a full trial on the merits, and after the trial, issue a permanent injunction against Defendants and anybody acting in active concert or participation with these persons or entities.

### M. Prayer

For these reasons, HHI  asks that the Court issue citation for Citibank, NA, and John Doe to appear and answer, and that HHI be awarded a judgment against them for the following:

a.    Injunctive Relief;

b.    Actual damages;

c.    Exemplary damages;

d.    Attorney fees, court costs, and pre- and post-judgment interest; and

e.    All other relief to which HHI is justly end.

Respectfully submitted,

HIRD, CHU & LAWJI P.L.L.C.


 _/s/ Abel Manji_
Abel Manji
Texas Bar No. 00784520
1470 First Colony Blvd., Suite 210
Sugar Land, Texas 77477
Tel: 281-565-4621
Email: _"abelmanji@gmail.com"_

**ATTORNEYS FOR PLAINTIFF
HEIGHTS HOSPITALITY INVESTMENTS LLC**

## CERTIFICATE OF SERVICE

On August 7, 2025, I served the foregoing to the following individuals via email:

Vicki Myers, Head of US Operations, Citibank San Antonio via email: vicki.myers@citigrop.com

Brent McIntosh, Chief Legal Officer, Citibank, via email: brent.mcintosh@citigroup.com and overnight delivery.

_/s/ Abel Manji_____
Abel Manji

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Pat Mejia on behalf of Abel Manji
Bar No. 00784520
patmejiahcl.com@gmail.com
Envelope ID: 104112093
Filing Code Description: Petition
Filing Description: ORIGINAL VERIFIED PETITION FOR TEMPORARY
RESTRAINING ORDER , TEMP INJUNCTION AND PERMANENT
INJUNCTION
Status as of 8/7/2025 4:22 PM CST

Associated Case Party: HEIGHTS HOSPITALITY INVESTMENT LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Abel Manji | | abelmanji@gmail.com | 8/7/2025 4:00:27 PM | SENT |
| Sadaf Kaleem | | sadaf@lawjilaw.com | 8/7/2025 4:00:27 PM | SENT |
| Pat Mejia | | patmejiahcl.com@gmail.com | 8/7/2025 4:00:27 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

2025-56288 / Court: 133



# EXHIBIT A

CAUSE NO. _____

| | | |
|---|---|---|
| HEIGHTS HOSPITALITY INVESTMETS LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| v. | § | HARRIS COUNTY TEXAS |
| | § | |
| CITIBANK & JOHN DOE | § | |
| | § | |
| *Defendants.* | § | |

**AFFIDAVIT OF AMIR ZINDANI**

THE STATE OF TEXAS       §
                                             §
COUNTY OF FORT BEND    §

BEFORE ME, the undersigned authority, on this day personally appeared Amir Zindani, who swore on oath that the following facts are true:

1.     "My name is Amir Zindani. I am at least twenty-one years of age, of sound mind, capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

2.     I am the Managing Member at Heights Hospitality Investments LLC ("HHI" or "Plaintiff"). I have read the foregoing Original Verified Petition, Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction and attest that every factual statement contained therein is within my personal knowledge and is true and correct, as stated therein.

3.     In my position as Managing Member of HHI, I have care, custody, and control of all HHI's records concerning the sale and purchase of real property and related transactions including the purchase of real property located at 5240 Nolda Street, Houston, Texas (the "Property") and the wire transfer of funds to purchase Property on July 30, 2025 (the "Wire Transfer") .

4.     I am familiar with these records. Attached to this affidavit as Exhibits "B" through "E" are true and correct copies of the following original documents which are contained in HHI's files regarding the Property and Wire Transfer, as well as a document deposited in HHI's files due to a fraudulent "spoof" email attachment Exhibit "C." These documents are described below:

|  |  |
|---|---|
| EXHIBIT A | Affidavit of HHI Managing Member |
| EXHIBIT B | Legitimate Wiring Instructions |
| EXHIBIT C | Fraudulent Wiring Instructions to Citibank account |

EXHIBIT A

EXHIBIT D    Transmission of funds to Citibank account

EXHIBIT E    Emails from Wilson Cribbs & Goren & related

5.    I am a custodian of HHI files relating to the Property and Wire Transfer. Exhibits "A" through "E" are kept by HHI in its regular course of business and it was the regular course of business of HHI for an employee or representative of HHI, with knowledge of the act, event, condition, or opinion recorded in such files to make the record or to transmit information thereof to be included in such records; and the records were made at or near the time of the act, event, condition, or opinion, or reasonably soon thereafter.

6.    In order to protect the privacy of the buyer and seller, and to comply with the state rules of court, the account numbers at issue have been redacted from Exhibits "A" through "E" to show only the last 4 digits of the Fraudulent Account (identified below). HHI will make unredacted records available to the Court on its request.

7.    HHI was in the process of making payment to Frontier Title for purchase of Property on July 30, 2025. On that day I received wiring instructions purporting to be from counsel for HHI, Worth Beard, directing funds to be wired to Citibank account number shown on Exhibit C. A wire for Fund amount was sent to Fraudster's Citibank bank account.

8.    At some point after the initiation of wire to Fraudster bank account, I was informed by Frontier Title that the funds had not been received. I checked with HHI bank, Amegy Bank, and discovered the Funds had been sent to Fraudster's bank account at Citibank.

9.    Amegy Bank's attempts to recall the wire of Funds to Citibank proved unsuccessful.

10.    Despite notification to Citibank's of the fraudulent nature of the Wire transfer and acknowledgement that it received the recall order, Citibank has failed and refused to transfer the funds back to HHI, nor has it acknowledged it would place a hold on the funds in the Fraudulent Account. The true identity of the holder / owner of the Fraudulent Account is unknown to HHI, hence the naming of the fraudster Defendant "John Doe" ."

11.    HHI has forwarded the Funds owed to seller of property to Fraudster bank account at Citibank, account number ▮▮▮▮ to Citibank and is due the full amount of the fraudulent transfer.

12.    Further Affiant sayeth not."

Amir Zindani
Managing Member
Heights Hospitality LLC

SUBSCRIBED AND SWORN TO BEFORE ME BY AMIR ZINDANI ON
_____ August 7 _____, 2025.

Maryam Ladha
My Commission Expires
2/9/2027
Notary ID 134193772

NOTARY PUBLIC
STATE OF TEXAS

Unofficial Copy Office of Marilyn Burgess District Clerk

2025-56288 / Court: 133



# EXHIBIT B

**From:** Worth Beard ███████████
**Sent:** Tuesday, July 29, 2025 9:24 AM
**To:** Azindani XE Hospitality ███████████ | Marc Kasner ███████████ @wcglaw.com>
**Subject:** RE: File 25153211COMM 5240 Nolda Street, Houston, TX 77007

Good morning,

Please see the updated Purchaser's Statement and Wiring Instructions that were shared via encrypted messaging from the title company this morning.

Please also see the attached executed Closing Instruction Letter.

Regards,

**WORTH BEARD** | *Attorney*
Office: 713.222.9000 | Direct: 713.590.9878
1233 West Loop South, Suite 800
Houston, TX 77027
www.wcglaw.com | wbeard@wcglaw.com

Confidentiality Notice | Wilson, Cribbs & Goren, P.C. | The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

**From:** Azindani XE Hospitality <azindani███████████
**Sent:** Monday, July 28, 2025 8:25 AM
**To:** Laura Sciba <LSciba@███████████ Worth Beard ███████████ m>; Marc Kasner <t███████████
**Subject:** Re: File 25153211COMM 5240 Nolda Street, Houston, TX 77007

I believe we are closing on 30th.

**EXHIBIT B**



1106 Witte Rd, Suite 500                                   713-769-9675 office
Houston, TX 77055                                          713-701-9674 fax

## WIRING INSTRUCTIONS

Bank                                    Plains State Bank

                                        19404 Kenswick Drive

                                        Humble, TX 77338

ABA                                     111323207

Account Number                          ███821

Account/Beneficiary Name                Frontier Title Company, WH, LLC

                                        Escrow Account

REFERENCE:  GF#25153211COMM, Heights Hospitality Investment LLC, a
Texas limited liability company, and Originator/Sender's current mailing address.

TO HELP PREVENT FRAUD, PLEASE CALL TO VERIFY THE WIRING
INSTRUCTIONS BEFORE SENDING YOUR FUNDS.

Please NOTE: We do not accept ACH transfers as they are not considered
"certified funds".

2025-56288 / Court: 133



# EXHIBIT C

**Fw: File 25153211COMM 5240 Nolda Street, Houston, TX 77007**

1 message

Azindani XE Hospitality <████████ ██████████████████>
To: Abel Manji <abelmanji@gmail.com>

Here is the fake email where wiring instructions were changed

**From:** Worth Beard <wbeard@wcsglaw.com>
**Sent:** Tuesday, July 29, 2025 12:16 PM
**To:** Azindani XE Hospitality █████████ ███████████████
**Cc:** Marc Kasner ███████████ ██████████████
**Subject:** Re: File 25153211COMM 5240 Nolda Street, Houston, TX 77007

Please see the attached updated encrypted Wiring instructions which has been verbally verified by Frontier Title Company to ensure a secure transaction along with the purchaser's statement and executed Closing Instruction Letter which I sent earlier this morning.

Can you confirm receipt of the update instructions and let us know when the wire transfer has been successfully initiated.

Regards,

A picture containing font, text, graphics,

**WORTH BEARD | Attorney**
Office: 713.222.9000 | Direct: 713.556.9678
1233 West Loop South, Suite 800
Houston, TX 77027
www.wcsglaw.com | wbeard@wcsglaw.com

**EXHIBIT C**

1/1



1106 Witte Rd, Suite 500
Houston, TX 77055

713-769-9675 office
713-701-9674 fax

## WIRING INSTRUCTIONS

| | |
|---|---|
| Bank | Citi Bank |
| | 100 Citibank Dr |
| | San Antonio, Tx 78245 |
| ABA | 021000089 |
| Account Number | 6881939153 |
| Account/Beneficiary Name | Frontier Title Company |
| | Settlement, WH, LLC |
| | Escrow Account |

REFERENCE: GF#25153211COMM, Heights Hospitality Investment LLC, a
Texas limited liability company, and Originator/Sender's current mailing address.

TO HELP PREVENT FRAUD, PLEASE CALL TO VERIFY THE WIRING
INSTRUCTIONS BEFORE SENDING YOUR FUNDS.

Please NOTE: We do not accept ACH transfers as they are not considered
"certified funds".

# EXHIBIT D

**AmegyBank**      Transaction Details

**WIRE/OUT-2025073000002652;BNF FRONTIER TITLE COMPANY 000494877**

| JUL 30 | *From:* | | |
|---|---|---|---|
| **2025** | *Business Growth Checking* | Category:<br>Uncategorized Expense | **-$7,174,501.37** |

WIRE/OUT-2025073000002652;BNF FRONTIER TITLE COMPANY 0004███ on 07/30/2025

MEMO



**EXHIBIT D**

2025-56288 / Court: 133



# EXHIBIT E

On Jul 29 2025, at 5:39 pm, Worth Beard <wbeard@wcsglaw.com> wrote:

Good morning,

We have just received new encrypted wiring instructions from the title company due to an audit involving Plains State Bank. While I verify the authenticity of these instructions, I wanted to confirm whether you have already initiated the wire transfer?

Please pause any wire transfer until I verbally confirm the updated instructions from Frontier Title before you process the wire. I will follow up with you as soon as possible to ensure a secure and accurate transaction. Thank you for your immediate attention to this matter.

Regards,

A picture containing font, text, graphics,

**WORTH BEARD** | *Attorney*
Office: 713.222.9000 | Direct: 713.590.9678
1233 West Loop South, Suite 800
Houston, TX 77027
www.wcglaw.com | wbeard@wcglaw.com

**From:** Worth Beard <wbeard@wcsglaw.com>
**Sent:** Tuesday, July 29, 2025 9:24 AM
**To:** Azindani XE Hospitality <; Marc Kasner <
**Subject:** RE: File 25153211COMM 5240 Nolda Street, Houston, TX 77007

Good morning,

  Please see the updated Purchaser's Statement and Wiring Instructions that were shared via encrypted messaging from the title company this morning.

Please also see the attached executed Closing Instruction Letter.

Regards,

A picture
containing
font, text,
graphics,

**WORTH BEARD** | *Attorney*
Office: 713.222.9000 | Direct: 713.590.9678
1233 West Loop South, Suite 800
Houston, TX 77027
www.wcsglaw.com | wbeard@wcsglaw.com

Unofficial Copy Office of Marilyn Burgess District Clerk

Fw: Urgent- title company don't have funds

Inbox



**Azindani XE Hospitality**

Here is the fake email received from bank confirming that wire is received by title company

From: Maria Orozco-Chavez <maria.orozco-chavez@armeybank.com>
Sent: Thursday, July 31, 2025 10:19 AM
To: Azindani XE Hospitality Dinara Hemani <d...
Subject: RE: Urgent- title company don't have funds

Good morning, Mr Zindani.

I spoke to the wire department this morning and i was informed the Wire was completely received this morning by Frontier Title Company in the Citi Bank they provided which is legally/financially registered to them.

Here is the reference number that our wire department provided for trace purposes

Please let me know if you are able to resolve with title company

Thanks!

Unofficial Copy Office of Marilyn Burgess District Clerk

1/1

**From:** Worth Beard <wbeard@wcsglaw.com>
**Sent:** Wednesday, July 30, 2025 2:22 PM
**To:** Azindani XE Hospitality <
**Cc:** Marc Kasner Laura Sciba <
**Subject:** Re: File 25153211COMM 5240 Nolda Street, Houston, TX 77007

Good afternoon,

Please see all of the attached signed closing documents for today's closing. We've been notified by Frontier Title that the wire has been received and is currently pending clearance. They anticipate the funds will clear by tomorrow, at which point Laura will proceed with funding.

Also, please send us the email address for Afshan Charania Merchant so we can send the consent via DocuSign—unless you're able to obtain the signature in person at your office and scan it over to us. That would work too.

Lastly, please send us the updated Company Agreement correcting the entity's name.

Let us know if you have any questions.

Regards,

**WORTH BEARD | *Attorney***
Office: 713.222.9000 | Direct: 713.590.9678
1233 West Loop South, Suite 800
Houston, TX 77027
www.wcsglaw.com | wbeard@wcsglaw.com

Unofficial Copy Office of Marilyn Burgess District Clerk

On Jul 30 2025, at 7:42 pm, Marc Kasner <mkasner@wcsglaw.com> wrote:
Al, if you plan on correct the name in the LLC Agreement, please send us a copy for our file.  The title company might ask for a revised version.

**MARC A. KASNER** | *Of Counsel*
Office: 713.222.9000 | Direct: 713.248.1600
123 West Loop South, Suite 800
Houston, TX 77027
www.wcglaw.com | mkasner@wcsglaw.com | vcard

**From:** Worth Beard <wbeard@wcsglaw.com>
**Sent:** Wednesday, July 30, 2025 10:16 AM
**To:** Azindani XE Hospitality
**Cc:** Marc Kasner <
**Subject:** RE: File 25153211COMM S240 Nolda Street, Houston, TX 77007

Good morning,

Please see the attached consent for your review, approval, and signature in connection with today's closing. I want to point out that, as currently written, the Company Agreement requires the signatures of both Managers for execution of the Company's closing documents.

Accordingly, the consent is drafted to authorize **either** Amirali Zindani or Afshan Charania Merchant, acting individually as a Manager, to sign the closing documents on behalf of the Company. However, the consent itself must be signed by both Managers in order to be valid. At closing, please sign all documents with the title Manager.

Lastly, please note that the Certificate of Formation and the Texas Secretary of State recognize the entity name as HEIGHTS HOSPITALITY INVESTMENT LLC, while the Company Agreement refers to it as HEIGHTS HOSPITALITY INVESTMEN**T**S LLC (with an "S"). Would you like me to revise the Company Agreement to reflect the correct legal name or do yal want to update it on your end?

Let me know how you'd like to proceed.

Regards,

**WORTH BEARD | *Attorney***
Office: 713.222.9000 | Direct: 713.590.9678
1233 West Loop South, Suite 800
Houston, TX 77027
www.wcsglaw.com | wbeard@wcsglaw.com

**From:** Laura Sciba <LSciba@FrontierTitlesTexas.com>
**Sent:** Monday, July 28, 2025 8:21 AM
**To:** Azindani XE Hospitality <awheard@wcsglaw.com <wheard@wcsglaw.com>; Marc Kasner ≤ 25153211COMM 5240 Nolda Street, Houston, TX 77007

This message was sent securely using Zix

Attached is the preliminary closing statement for review.

Thank you

Laura Sciba
Commercial Division
*Frontier Title Company*
1106 Witte Rd. 500
Houston, Texas 77055
lsciba@frontiertitletexas.com
Office (713) 769-9675
Cell (281) 543-8897

Unofficial Copy Office of Marilyn Burgess District Clerk

# EXHIBIT A-3

8/8/2025 11:41 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 104142104
By: Joanna Hernandez
Filed: 8/8/2025 11:41 AM

CAUSE NO. 2025-56288

| | | |
|---|---|---|
| HEIGHTS HOSPITALITY INVESTMENT LLC, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| Vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CITI BANK and JOHN DOW | § | |
| *Defendants* | § | 133rd JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER

ON THIS DAY, came on to be considered Heights Hospitality Investment LLC ("HHI" or "Plaintiff") Application for Temporary Restraining Order ("Application"). HHI appeared through its attorney of record. The Court, having considered the Application, the petition and supporting affidavit, the evidence, the argument of counsel, and all other things properly before the Court, determines that the Application is meritorious and should be in all things GRANTED, and this Temporary Restraining Order ("TRO") issued.

In making its determination, the Court, based upon the petition and supporting affidavit, finds that such evidence establishes the elements necessary for issuance of a TRO, including Plaintiff's probable right of recovery established on at least one cause of action, and that., immediate and irreparable harm, injury, loss, or damage will result to Plaintiff unless Defendants are restrained as described herein.

In particular, the Court finds that Defendant Citibank has come into possession of funds (the "Funds") totaling $7,174,501.31 -which were intended to constitute the purchase price for real property located at 5240 Nolda Street, Houston, Texas ("Property"),- as a result of the fraudulent and criminal actions of John Doe, a named Defendant ("Doe"). In particular Doe's use of numerous fraudulent spook emails containing fraudulent instructions to wire the Funds to an account at Citi Bank with the last 4 digits of 9153 (the "Fraudulent Account").

The Court finds that Citibank has failed and refused to return the Funds to HHI and failed and refused to stop transfers of money or assets to or from the Fraudulent Account.  The Court further finds that Citibank's failure to do so, combined with Doe's clear intent to immediately transfer money from the Fraudulent Account in order to prevent HHI from recovering the Funds and later criminal prosecution for these actions, will create irreparable injury, loss and damage to HHI, unless they are restrained.

In addition, the Court finds that the Petition, Application, and supporting affidavit shows the additional irreparable injury and extreme hardship elements for a TRO. In particular, the Court finds that Defendants' actions create an inherent risk that Doe, and whomever is acting in concert with Doe, will be able to criminally and fraudulently transfer money from the Fraudulent Account in such a manner so as to be unrecoverable by HHI (i.e., cash, overseas account, etc.), and that such actions will leave HHI with no adequate remedy at law.

THEREFORE, the Court ORDERS that CitiBank, Doe, any person with any interest in the Fraudulent Account, and anybody acting in active concert or participation  with these persons or entities (the "Restrained Parties"), are hereby RESTRAINED from the following actions:

(a)     Causing or allowing any money or assets to be transferred *into* the Fraudulent Account;

(b)     Causing or allowing any money or assets to be transferred *out of* the Fraudulent Account; and

(b)   Causing or allowing any amount of the Funds (including, specifically, any  funds that CitiNank received via the wire transfer evidenced  by Exhibit 1 to this TRO) to leave the possession of Citibank, with the exception of a transfer of said funds to HHI or any account owned or controlled by HHI.

The Court  further  finds  that this TRO should  be granted  without  notice to Defendants, because (1) Citibank refuses to voluntarily honor HHI's request to return or hold the Funds, despite having admitted that the Funds were sent based on Doe's fraud,

and (2) giving notice would provide Doe, or persons acting in active concert or participation with Doe, time to dispose of the Funds in such a manner so as to permanently prevent HHI from ever recovering them.

The Court further finds that $ _____ is an adequate amount of security to be given by HHI in the form of a bond acceptable to the clerk, or deposit of cash or other property in lieu of a bond.

._ .   It is further ORDERED that Defendants shall appear before this honorable Court on the

_____ day of _____, 2025, at _____, pm/am, to then and there show cause, if any there may be, as to why a temporary injunction should not be issued to Defendants.

  *The Court Coordinator of the Court to which this case is assigned will reset this as set forth above hearing in accordance with the calendar of that Court, so all parties are

**ORDERED**

to contact the Court Coordinator to learn the reset time and day of the hearing.

It is further ORDERED that this Order shall expire fourteen (14) days after its issuance unless renewed by the Court on or before that date.

The clerk of this Court is ordered and directed to issue a show cause notice to Defendants to appear at the above-referenced temporary injunction hearing, and to issue this TRO in conformity with the laws of the State of Texas.

SIGNED this the ____ day of November 2023.


_____
JUDGE PRESIDING

# EXHIBIT 1

**Amegy**Bank.                    Transaction Details

## WIRE/OUT-2025073000002652;BNF FRONTIER TITLE COMPANY ⬛⬛⬛⬛4877

| | | |
|---|---|---|
| **JUL 30** *From:* | *Category:* | |
| **2025** *Business Growth Checking (*5799)* | Uncategorized Expense | **-$7,174,501.37** |

WIRE/OUT-2025073000002652;BNF FRONTIER TITLE COMPANY ⬛⬛⬛ 877 on 07/30/2025

MEMO

EXHIBIT 1

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Pat Mejia on behalf of Abel Manji
Bar No. 00784520
patmejiahcl.com@gmail.com
Envelope ID: 104142104
Filing Code Description: No Fee Documents
Filing Description: Proposed Temporary Restraining Order
Status as of 8/8/2025 1:08 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Abel Manji | | abelmanji@gmail.com | 8/8/2025 11:41:12 AM | SENT |
| Sadaf Kaleem | | sadaf@lawjilaw.com | 8/8/2025 11:41:12 AM | SENT |
| Pat Mejia | | patmejiahcl.com@gmail.com | 8/8/2025 11:41:12 AM | SENT |

# EXHIBIT A-4

8/8/2025 11:41 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 104142104
By: Joanna Hernandez
Filed: 8/8/2025 11:41 AM

CAUSE NO. 2025-56288

| | | |
|---|---|---|
| HEIGHTS HOSPITALITY INVESTMENT LLC, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| Vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CITI BANK and JOHN DOW | § | |
| *Defendants* | § | 133rd JUDICIAL DISTRICT |

*P-6*
*TRORX*
*STGND*
*CASO*

## TEMPORARY RESTRAINING ORDER

ON THIS DAY, came on to be considered Heights Hospitality Investment LLC ("HHI" or

"Plaintiff") Application for Temporary Restraining Order ("Application"). HHI appeared

through its attorney of record. The Court, having considered the Application, the petition and

supporting affidavit, the evidence, the argument of counsel, and all other things properly before the

Court, determines that the Application is meritorious and should be in all things GRANTED,

and this Temporary Restraining Order ("TRO") issued.

In making its determination, the Court, based upon the petition and supporting affidavit,

finds that such evidence establishes the elements necessary for issuance of a TRO, including

Plaintiff's probable right of recovery established on at least one cause of action, and that,

immediate and irreparable harm, injury, loss, or damage will result to Plaintiff unless Defendants

are restrained as described herein.

In particular, the Court finds that Defendant Citibank has come into possession of funds

(the "Funds") totaling $7,174,501.31 -which were intended to constitute the purchase price for

real property located at 5240 Nolda Street, Houston, Texas ("Property"),- as a result of the fraudulent

and criminal actions of John Doe, a named Defendant ("Doe"). In particular Doe's use of

numerous fraudulent spook emails containing fraudulent instructions to wire the Funds to an

account at Citi Bank with the last 4 digits of 9153 (the "Fraudulent Account").

**RECORDER'S MEMORANDUM**
*This instrument is poor quality
at the time of imaging*

The Court finds that Citibank has failed and refused to return the Funds to HHI and failed and refused to stop transfers of money or assets to or from the Fraudulent Account. The Court further finds that Citibank's failure to do so, combined with Doe's clear intent to immediately transfer money from the Fraudulent Account in order to prevent HHI from recovering the Funds and later criminal prosecution for these actions, will create irreparable injury, loss and damage to HHI, unless they are restrained.

In addition, the Court finds that the Petition, Application, and supporting affidavit shows the additional irreparable injury and extreme hardship elements for a TRO. In particular, the Court finds that Defendants' actions create an inherent risk that Doe, and whomever is acting in concert with Doe, will be able to criminally and fraudulently transfer money from the Fraudulent Account in such a manner so as to be unrecoverable by HHI (i.e., cash, overseas account, etc.), and that such actions will leave HHI with no adequate remedy at law.

THEREFORE, the Court ORDERS that CitiBank, Doe, any person with any interest in the Fraudulent Account, and anybody acting in active concert or participation with these persons or entities (the "Restrained Parties"), are hereby RESTRAINED from the following actions:

(a)     Causing or allowing any money or assets to be transferred *into* the Fraudulent Account;

(b)     Causing or allowing any money or assets to be transferred *out of* the Fraudulent Account; and

(b)     Causing or allowing any amount of the Funds (including, specifically, any funds that CitiNank received via the wire transfer, evidenced by Exhibit I to this TRO) to leave the possession of Citibank, with the exception of a transfer of said funds to HHI or any account owned or controlled by HHI.

The Court further finds that this TRO should be granted without notice to Defendants, because (1) Citibank refuses to voluntarily honor HHI's request to return or hold the Funds, despite having admitted that the Funds were sent based on Doe's fraud,

and (2) giving notice would provide Doe, or persons acting in active concert or participation with Doe, time to dispose of the Funds in such a manner so as to permanently prevent HHI from ever recovering them.

The Court further finds that $ ___*100.00*___ is an adequate amount of security to be given by HHI in the form of a bond acceptable to the clerk, or deposit of cash or other property in lieu of a bond.

._ .  It is further ORDERED that Defendants shall appear before this honorable Court on the *18* day of *August*___, 2025, at ___*3:00*___, pm/am, to then and there show cause, if any there may be, as to why a temporary injunction should not be issued to Defendants.

*The Court Coordinator of the Court to which this case is assigned will reset this as set forth above hearing in accordance with the calendar of that Court, so all parties are

**ORDERED**

to contact the Court Coordinator to learn the reset time and day of the hearing.

It is further ORDERED that this Order shall expire fourteen (14) days after its issuance unless renewed by the Court on or before that date.

The clerk of this Court is ordered and directed to issue a show cause notice to Defendants to appear at the above-referenced temporary injunction hearing, and to issue this TRO in conformity with the laws of the State of Texas.

SIGNED this the ___ day of November 2023.

_____
JUDGE PRESIDING

*8/8/2025*
*4:29 pm*

# EXHIBIT 1



**Amegy**Bank.     Transaction Details

WIRE/OUT-2025073000002652;BNF FRONTIER TITLE COMPANY ████4877

| JUL 30 | From: | | Category: | |
|---|---|---|---|---|
| **2025** | Business Growth Checking (*5799) | | Uncategorized Expense | -$7,174,501.37 |

WIRE/OUT-2025073000002652;BNF FRONTIER TITLE COMPANY ████877 on 07/30/2025

MEMO

Unofficial Copy Office of Marilyn Burgess District Clerk

EXHIBIT 1

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Pat Mejia on behalf of Abel Manji
Bar No. 00784520
patmejiahcl.com@gmail.com
Envelope ID: 104142104
Filing Code Description: No Fee Documents
Filing Description: Proposed Temporary Restraining Order
Status as of 8/8/2025 1:08 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Abel Manji | | abelmanji@gmail.com | 8/8/2025 11:41:12 AM | SENT |
| Sadaf Kaleem | | sadaf@lawjilaw.com | 8/8/2025 11:41:12 AM | SENT |
| Pat Mejia | | patmejiahcl.com@gmail.com | 8/8/2025 11:41:12 AM | SENT |

# EXHIBIT A-5

**Smith, Angela K (HOU - X56878)**

| | |
|---|---|
| **From:** | Robertson, George (HOU - X56871) |
| **Sent:** | Wednesday, August 13, 2025 5:00 PM |
| **To:** | abelmanji@gmail.com |
| **Cc:** | Hadjis, Jacob B (HOU - X58886) |
| **Subject:** | Heights Hospitality Investment, LLC v. Citi Bank, et al., Cause No. 2025-56288 |
| **Attachments:** | Heights Hospitality v. Citi et. al.pdf |

| | |
|---|---|
| **Follow Up Flag:** | Flag for follow up |
| **Flag Status:** | Flagged |

Good afternoon Mr. Manji,

My firm has been engaged to represent Citibank in the attached lawsuit. I am writing to notify you that my firm is authorized to accept service on behalf of Citibank in this matter. Please direct all future communications regarding this matter though me. I look forward to working with you.

Many thanks,
George

**George G. Robertson** | **Holland & Knight**
Partner
Holland & Knight LLP
811 Main Street, Suite 2500 | Houston, Texas 77002
Phone 713.244.6871 | Fax 713.821.7001
george.robertson@hklaw.com | www.hklaw.com

Add to address book | View professional biography

*Admitted in Texas, South Carolina, and Georgia